UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KELSEY MORTON,

    Plaintiff,

v.

NAVY FEDERAL CREDIT UNION,

    Defendant.

_____/

CASE NO.: 8:13cv2230T27TGW

VERIFIED COMPLAINT FOR UNLAWFUL COLLECTION PRACTICES

JURY TRIAL DEMANDED

## VERIFIED COMPLAINT

Plaintiff Kelsey Morton, by and through undersigned counsel, sues Navy Federal Credit Union. and states as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action pursuant to the Florida Consumer Collection Practices Act ("FCCPA"), and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

### JURISDICTION AND VENUE

2. Federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331, as Plaintiff brings, among other claims, claims under the federal Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* Supplemental jurisdiction exists over the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims and injuries occurred in the Middle District of Florida.

## PARTIES

4 Plaintiff Kelsey Morton ("Ms. Morton") is a natural person resident in the City of Tampa, County of Hillsborough, State of Florida, and is a "consumer," as that term is defined by 15 U.S.C. § 1692a(3), Fla. Stat. § 559.55(2), and a person under 47 U.S.C. § 227 *et seq.*

5. Defendant Navy Federal Credit Union, a federal credit union, ("Defendant" or "Navy FCU"), does business in the State of Florida, and is a "creditor" as that term is defined by Fla. Stat. § 559.55(3), as well as a "person" under Fla. Stat. § 559.72.

6. The conduct of Defendant was authorized, approved and/or ratified by one or more officers, directors, or managers of Defendant, and/or they knew in advance that the Defendants were likely to conduct themselves and allowed them to so act with conscious disregard of the rights and safety of others. The agent(s) or employee(s) of Defendants acted within the course and scope of such agency or employment and acted with the consent, permission and authorization of Defendants.

## FACTUAL ALLEGATIONS

7. Ms. Morton owed a debt to Navy FCU in the approximate amount of $12,000 (the "Debt") before Ms. Morton became unable to pay that Debt.

8. Beginning in July 2013, Navy FCU began waging an aggressive collection campaign Ms. Morton to attempt to collect the Debt by using rude, intimidating, insulting, and harassing telephone calls.

9. On July 12, 2013, at 10:24 a.m., Defendant called Ms. Morton's cell phone, who informed Defendant that she was going through a divorce and was unable to pay the Debt. Ms. Morton also instructed Defendant not to call her before 6:00 p.m. because she would be at work and could get in trouble for receiving personal calls. Defendant's representative responded, "It's your responsibility to pay your bills. Maybe your husband is divorcing you because you don't pay for anything."

10. On July 15, 2013, at 10:55 a.m., Defendant called Ms. Morton's cell phone again, violating her instructions not to call her before 6:00 p.m. Ms. Morton informed Defendant that it was violating her instructions and the representative stated, "Well, I don't work after 6:00 p.m." Ms. Morton replied that it was not her problem and that another of Defendant's representatives could call, and Defendant's representative stated, "You know what is your problem? Not paying your bills."

11. On August 13, 2013, at 10:15 a.m., Defendant called Ms. Morton's cell phone again. Ms. Morton once again explained that she had instructed Defendant not to call her before 6:00 p.m. because she works and cannot accept personal calls. Ms. Morton explained that she could lose her job based on Defendant's calls. Defendant's representative stated that Defendant "can't control the time you get called. Your number is either in the system or we take it out." Ms. Morton then instructed Defendant not to call her at all. Defendant's representative then stated that waiting for Ms. Morton's divorce to be final before paying the debt would be "too late." Also during that call, Ms. Morton stated that it was illegal for Defendant to keep calling her, Defendant replied with the false statement "It's illegal not to pay your bills."

12. Ms. Morton received an additional 3 to 5 calls to her cell phone that were made without her express consent. All of those calls occurred before 6:00 p.m., contrary to Plaintiff's instructions not to call her before that time because she could get fired from her job.

## COUNT I

### VIOLATION OF THE FCCPA BY DEFENDANT NAVY FCU

13. This is an action against Defendant for violation of Fla. Stat. § 559.55 *et seq*.

14. Plaintiff re-alleges and incorporate paragraphs 1 through 12, as if fully set forth herein.

15. Defendant is engaged in the business of soliciting consumer debts for collection and collecting consumer debts and is a "person" under Fla. Stat. §559.72, and is therefore subject to Fla. Stat. §559.55 *et seq*.

16. The Alleged Debt is a "consumer debt" as defined by Fla. Stat. § 559.55(1) because it is for primarily personal, family, or household purposes.

17. Defendant communicated certain information to Plaintiff as set forth above, which constitutes "communication," as defined by Fla. Stat. § 559.55(5).

18. Through the conduct described in paragraphs 7 - 12 above, Defendant violated the following provisions of the FCCPA:

19. Fla. Stat. § 559.72 provides, in pertinent part:

In collecting consumer debts, no person shall:

(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

(8)   Use profane, obscene, vulgar, or willfully abusive language in communicating with the debtor or any member of her or his family.

(9) . . . assert the existence of some other legal right when such person knows that the right does not exist

20. Defendant violated the above sections of the FCCPA when Defendant: (1) willfully abused Plaintiff by stating "Maybe your husband is divorcing you because you don't pay for anything."; (2) willfully abused Plaintiff by stating "You know what is your problem? Not paying your bills."; (3) willfully abused Plaintiff and misrepresenting the law by stating, "It's illegal not to pay your bills."; (4) willfully abused Plaintiff by repeatedly violating Plaintiff's instructions not call her before 6:00 p.m., which created a risk that Plaintiff could get fired from her job based on Defendant's repeated telephone calls; and (5) violating the TCPA by making numerous collection calls to Plaintiff's cell phone without Plaintiff's express consent, using an automated dialing system.

21. All conditions precedent to this action have occurred, have been satisfied or have been waived.

22. Pursuant to Fla. Stat. § 559.77(2), as a result of the above violations of the FCCPA, Navy FCU is liable to Plaintiff for her actual damages, statutory damages, and reasonable attorney's fees and costs.

23. Based upon the willful, intentional, knowing, malicious, repetitive and continuous conduct of the Defendant as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against Navy FCU, finding that Navy FCU violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## COUNT II

## VIOLATION OF THE TCPA BY DEFENDANT NAVY FCU

24. This is an action against Defendant for violations of the TCPA, 47 U.S.C. § 227 *et seq.*

25. Plaintiff re-alleges and reincorporates paragraphs 1 through 12, as if fully set forth here-in.

26. Defendant, in the conduct of its business, used an automatic telephone dialing system defined by 47 U.S.C. § 227(a)(1)(A) to communicate with Plaintiff.

27. Section 47 U.S.C. § 227(b)(1)(A)(iii) provides in pertinent part:

It shall be unlawful for any person within the United States --

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone system or an artificial or prerecorded voice --

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

28. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) when Defendant placed numerous calls to Plaintiff's cell phone without Plaintiff's express consent using an automatic telephone dialing system.

29. Defendant willfully, knowingly, and intentionally made multiple calls to Plaintiff's cell phone phone utilizing an automatic telephone dialing system after Plaintiff told Defendant that Defendant did not have permission to call Plaintiff's cell phone before 6:00 p.m.

30. All conditions precedent to this action have occurred, have been satisfied or have been waived.

31. As a result of the above violation of the TCPA, Defendant is liable to Plaintiff for actual damages, or the amount of $500.00 as damages for each violation, whichever is greater, pursuant to the TCPA, 47 U.S.C. § 227(b)(3)(B).

32. Based upon the willful, knowingly, and intentional conduct of the Defendant as described above, Plaintiff is also entitled to an increase in the amount of the award to treble the damages amount available under 47 U.S.C. § 227(b)(3)(B), in accordance with 47 U.S.C. § 227(b)(3).

**WHEREFORE,** Plaintiff respectfully request this Court enter a judgment against the Defendant: (1) finding Defendant violated the TCPA; (2) awarding Plaintiff actual damages or the amount of $500.00 in damages for each violation, whichever is greater; (3) finding Defendant willfully, knowingly and intentionally violated the TCPA and increasing the damages award to treble the amount of damages otherwise to be entered as a judgment; and (4) awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. amend. 7 and Fed. R. Civ. P. 38.

Dated: August 28, 2013

Respectfully Submitted,

**CENTRONE & SHRADER, LLC**
1710 N. 19th Street, Suite 205
Tampa, Florida 33605
Phone: (813) 360-1529
Fax:    (813) 336-0832

_____
**GUS M. CENTRONE, ESQ.**
Florida Bar No. 30151
e-mail: gcentrone@centroneshrader.com
**BRIAN L. SHRADER, ESQ.**
Florida Bar No. 57251
e-mail: bshrader@centroneshrader.com
Attorneys for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF, KELSEY MORTON

I, Kelsey Morton, pursuant to 28 U.S.C. §1746, under penalties of perjury, state as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

_Kelsey Morton_
Kelsey Morton